UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

IN RE:

BOBBY JOE DUNCAN
GWENDOLYN M. DUNCAN

CASE NO. 04-82060

DEBTORS

CHAPTER 12

## ORDER AUTHORIZING RETENTION OF ATTORNEY

Upon the annexed application of the debtor-in-possession, through her counsel, praying for authority to employ Bradley L. Drell, and if applicable, the law firm of Gold, Weems, Bruser, Sues & Rundell (individually and if applicable, collectively, "attorney") to represent the debtor-in-possession in these proceedings under Chapter 11 of the Bankruptcy Code, no notice of the application being given and none being necessary, and no adverse interest being represented:

It appearing that said attorney is duly admitted to practice in this court, that said attorney represents no interest adverse to the debtor-in-possession or her estate in the matters upon which he is to be engaged, that said attorney's employment is necessary and would be in the best interest of the estate, that the case is one justifying a general retained and that by accepting employment, the said attorney, as an officer of this court, enters into a special relationship of trust to the court and to the creditors, and that such employment brings with it special responsibilities;

**IT IS THEREFORE ORDERED** that the debtor-in-possession be and she is hereby authorized to retain Bradley L. Drell and the law firm of Gold, Weems, Bruser, Sues & Rundell, as attorney generally in all matters which in the performance of his duties, the debtor-in-possession may properly require the services of an attorney under general retainer; and

FILED

2004 OCT 25 A 11:08

CLERK OF COURT
U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF LA

**IT IS FURTHER ORDERED** that said attorney be and is hereby charged with the following special duties and responsibilities which he is hereby ordered to perform:

1) He shall offer advice to the debtors-in-possession regarding the operation of the business and the debtors-in-possession's responsibility to comply with the orders of this court, including the order to Chapter 12 debtor-in-possession, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the local bankruptcy rules, the guide to practice, and other applicable law and rules;

2) He shall advise the debtors-in-possession of her obligations to file the reports required by the order to the Chapter 12 debtor-in-possession filed in connection with this case and the requirements of and the Office of the Chapter 12 Trustee, and shall instruct debtors-in-possession to include therein any information/material to the continued operation of the debtors-in-possession and the continuation of these proceedings.

3) He shall instruct the debtors-in-possession of their responsibilities to take all steps reasonably necessary to prevent any depletion of assets of the state during the pendency of these proceedings and her responsibility to notify the court of any actual or threatened depletion of assets.

4) If, at any time during the pendency of these proceedings, he concludes that the continued operation of debtors-in-possession's business or the continuation of these proceedings is not in the best interest of the creditors and of the estate, he shall immediately advise debtors-in-possession of that conclusion and recommend that debtors-in-possession so advise the Court.

5) He shall inform debtors-in-possession that debtors-in-possession may not pay any indebtedness or obligation owed by the debtors-in-possession on the date of the filing of the petition initiating this proceeding pending further orders of the Court.

6) He shall promptly advise debtors-in-possession not to make any sales of any assets outside the ordinary course of business except upon appropriate further orders of this Court.

7) He shall advise debtors-in-possession that debtors-in-possession must comply with the requirements of the Internal Revenue Code and in particular meet the depository receipt requirements of the Internal Revenue Code and regulations and that debtors-in-possession must comply with all applicable state tax laws and regulations. Further, he shall report to the Court any continued and intentional failure of debtors-in-possession to follow his advice.

8) He shall advise debtors-in-possession that all financial reports that are required to be filed by the Order to Debtor-in-possession must be true, correct and accurate and that debtors-in-possession must timely file such reports. In the event that debtors-in-possession continually intentionally fails to follow his advice, he shall report same to the Court.

9) He shall advise debtors-in-possession that all debts incurred by the debtors-in-possession in the course of operation of their business as debtors-in-possession are to be paid in the ordinary course of business and in accordance with the terms of this Court's order authorizing the continued operation of the business.

Alexandria, Louisiana, this 25th day of October, 2004.

_____
**UNITED STATES BANKRUPTCY JUDGE**

I agree to accept, and agree to be bound in all particulars by the provisions of the foregoing order authorizing my employment, as well as this Court's general order styled "ORDER TO ATTORNEY FOR DEBTOR IN POSSESSION AND NOTICE OF CHAPTER 12 PROCEDURAL REQUIREMENTS", as issued in accordance with LBR 2082-1.

/s/ Bradley L. Drell
**BRADLEY L. DRELL**
**GOLD, WEEMS, BRUSER, SUES & RUNDELL**
**ATTORNEYS FOR DEBTORS-IN-POSSESSION**

**COPY SENT FOR NOTICING**
Date: 10/25/04
By: gmh
TO: Drell