UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

IN RE:

BOBBY JOE DUNCAN  CASE NO. 04-82060
GWENDOLYN M. DUNCAN

DEBTORS  CHAPTER 12

## IMMATERIALLY MODIFIED
## CHAPTER 12 PLAN

NOW INTO COURT, through the undersigned counsel, comes Bobby Joe Duncan and Gwendolyn M. Duncan (the "Debtors"), debtors and debtors in possession in the above captioned bankruptcy case, who, respectfully modify their Chapter 12 Plan as follows:

1.

Article I, Class 2, is hereby amended to read:

**Class 2:**

United States of America, Farm Service Agency: The claim of the United States, through the Farm Service Agency, in the amount of $207,419.36, of which the debtor believes approximately $152,000.00 is secured by certain property of the Debtors, being the fair market value of the entirety of the Debtors' immovable property; certain farm equipment; and the Debtors' shrubs, flowers, and ornamentals, all of which secure the Debtors' obligation to repay the Farm Service Agency's loan.

2.

Article II, Section A, is hereby amended to read:

**A. Treatment of Claims in Class 1**:

Administrative and Priority Claims: Out of the payments made by the debtor to the trustee, all Class 1 claims, including the Trustee's statutory entitlement to fees and expenses, as well as applications by the attorney for the Debtors for compensation and reimbursement of expenses, shall be paid, at the times said claims are approved or allowed by the court and ordered paid prior to any payment on claims to creditors in any other class. To date, a retainer in the amount of $2,220.00 has been deposited with the law firm of Gold, Weems, Bruser, Sues, and Rundell, retaining them as counsel for the Debtors. Of this amount, $1,223.50 is currently held in trust pending Court approval of future applications for compensation. Before the filing of this bankruptcy case, $976.50 had been paid over to counsel for the Debtors for pre-petition services rendered. The remaining funds held in trust shall be used to offset any administrative and priority liabilities of the Debtors prior to the use of funds to be distributed by the U.S. Trustee in accordance with other provisions of this plan.

3.

Article II, Section B, is hereby amended to read:

**B. Treatment of Claims in Class 2:**

United States of America, Farm Service Agency: These claims are secured by all of the Debtors' real property, and certain items within the Debtors' inventory. The secured claim of the United States, through the Farm Service Agency is fixed in the amount of $152,000.00. A portion of this amount will be paid through the office of the Chapter 12 Standing Trustee, together with interest at a rate of 3.25% per annum, in installments over a period of 60 months as set forth according to Schedule II set forth below. The remainder of this claim will be paid in full by equal monthly installments over the twenty-five (25) years following the completion of the Chapter 12 at 3.25% interest. The balance of the United States claim will be treated as an unsecured claim.

The Debtors shall be entitled to make use of any cash collateral of this creditor, generated by, and proceeds of, the sale of the Debtors' inventory free and clear of any security interests in favor of the United States. The United States, shall be adequately protected by the above monthly payments and a post confirmation lien on all of the Debtors' shrubs, flowers, and ornamentals which are replenished at regular intervals.

4.

Article III, Schedule II is hereby amended to read:

Schedule II

II.A.  All funds will be disbursed by the office of the Standing U.S. Trustee first to the creditors in Class 1, with the balance to be disbursed first to the Creditors in Class 2, with any remaining amount to be disbursed to the Creditors in Class 3.

II.B.  In no quarter shall the total disbursements to Class 2 exceed $2480.66, with the remainder of any quarterly disbursement to be disbursed to those creditors in Class 3.

II.C.  The total dividend to the creditors in Class 3 shall be no less than 13% of their respective claims, and in the last sixteen (16) quarters, this disbursement shall be no less than $331.84.

II.D  The remaining portion of the claim of the United States, through the Farm Service Agency, will be paid in equal monthly installments of 661.51 for the twenty-five (25) years following completion of the Debtors' obligations under the plan.

**WHEREFORE**, the Debtors pray that their immaterial modification to the Chapter 12 plan, which incorporates their original Chapter 12 Plan except as modified herein, be confirmed, and for such other and further relief as is justified in the premises.

Alexandria, Louisiana, this 8th day of February, 2005.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: **/s/Shawn H. Kiefer**
      Bradley L. Drell    (#24387)
      Shawn H. Kiefer   (#29292)
      P. O. Box 6118
      Alexandria, LA  71307-6118
      Telephone: (318) 445-6471
      Facsimile: (318) 445-6476

      **ATTORNEYS FOR DEBTORS IN POSSESSION BOBBY JOE DUNCAN AND GWENDOLYN M. DUNCAN**

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

IN RE:

| | |
|---|---|
| **BOBBY JOE DUNCAN** | **CASE NO. 04-82060** |
| **GWENDOLYN M. DUNCAN** | |
| **DEBTORS** | **CHAPTER 12** |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the <u>Immaterial Modification to the Chapter 12 Plan</u> to the Office of the Chapter 12 Trustee, Thad Waters, P. O. Box 379, St. Joseph, Louisiana 71366, by placing a copy of same in the United States Mail, properly addressed, with prepaid postage affixed.

Alexandria, Louisiana, this 8th day of February, 2005.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: **/s/Shawn H. Kiefer**
Bradley L. Drell (#24387)
Shawn H. Kiefer (#29292)
P. O. Box 6118
Alexandria, LA 71307-6118
Telephone: (318) 445-6471
Facsimile: (318) 445-6476

**ATTORNEYS FOR DEBTORS IN POSSESSION BOBBY JOE DUNCAN AND GWENDOLYN M. DUNCAN**